UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| A.J.W., <br><br> Plaintiff, <br><br> v. <br><br> Nancy A. Berryhill, <br> Commissioner of Social Security <br><br> Defendant. | Case No. 16-cv-2651 (SRN/LIB) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Samantha Harker Clawson, Southern Minnesota Regional Legal Services, 55 East Fifth Street, Suite 400, St. Paul, Minnesota 55101, for Plaintiff.

Pamela Marentette, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, and Michael A. Moss, Social Security Administration, 1301 Young Street, Suite A702, Dallas, Texas 75202, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter comes before the Court on Plaintiff's Objections [Doc. No. 21] to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R"), dated July 5, 2017 [Doc. No. 19]. The magistrate judge recommended that Plaintiff's Motion for Summary Judgment [Doc. No. 13] be denied, and that Defendant's Motion for Summary Judgment [Doc. No. 15] be granted.

Pursuant to statute, this Court reviews *de novo* any portion of the magistrate judge's opinion to which specific objections are made, and "may accept, reject, or

1

modify, in whole or in part, the findings or recommendations" contained in that opinion. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b); D. Minn. LR 72.2(b)(3). For the reasons stated herein, the Court overrules Plaintiff's objections and adopts the R&R in its entirety.

## II.   BACKGROUND

The facts pertinent to this matter have been thoroughly and accurately detailed in the R&R, and will not be repeated in full here. (*See* R&R at 1-34.) Stated briefly, in May 2009, Plaintiff's parent ("Parent") filed an application for supplemental security income ("SSI") on behalf of her nine-year-old son, pursuant to Title XVI of the Social Security Act. (*See id.* at 1.)[1] On December 14, 2009, Defendant found that Plaintiff was disabled due to Borderline Intellectual Function and Attention Deficit Hyperactivity Disorder ("ADHD"). (*See id.* at 1-2.) Plaintiff was found to be disabled as of May 5, 2009, and was awarded SSI benefits accordingly. (*See id.* at 2.)

On May 16, 2014, after a routine review of Plaintiff's disability pursuant to 20 C.F.R. § 416.994a(a), Defendant concluded that Plaintiff had exhibited medical improvement and was no longer disabled as of May 1, 2014. Plaintiff's disability benefits were subsequently terminated. (*See id.*)

Plaintiff requested reconsideration of the termination decision, and a hearing was held on the request on July 17, 2014. (*See id.*) Both Parent and Plaintiff testified at the hearing, and a decision was issued by the Disability Hearing Officer on July 18, 2014.

---

[1] Because Plaintiff does not object to the factual recitation set forth in the R&R, the Court will cite to that document without further citation to the underlying record.

(*See id.*) She concluded that Plaintiff's condition had improved since the initial decision to award benefits in 2009 (the "Comparison Point Decision, or "CPD"),[2] and that Plaintiff was no longer disabled.

Plaintiff again requested reconsideration, this time before an administrative law judge ("ALJ"). ALJ Mary M. Kunz duly held an administrative hearing on November 14, 2014, where she heard testimony from Plaintiff, Parent, and Dr. Karen Butler, the state agency medical expert. (*See id.*) On December 8, 2014, the ALJ issued her Hearing Decision, in which she concluded that Plaintiff's disability had ended as of May 1, 2014, and he had not become disabled again since that date. (*See id.*)

Of particular note here, the ALJ reached her decision after following the three-step sequential analysis for conducting a periodic review of a child's eligibility for disability benefits mandated by 20 C.F.R. § 416.994a(b). (*See id.* at 32.) The ALJ found that at the time of the CPD, Plaintiff had medically determinable impairments of borderline intellectual functioning and ADHD, which caused marked limitations in two of the six domains listed in 20 C.F.R. § 416.926a(b)—"acquiring and using information," and "interacting and relating with others." (*See id.*)

In the first step of the analysis, the ALJ concluded that the medical evidence of record supported a finding that as of May 1, 2014, the medical severity of Plaintiff's impairments had decreased since the CPD. At the second step, the ALJ found that the impairments Plaintiff had at the time of the CPD did not, as of May 1, 2014, functionally

---

[2] The "Comparison Point Decision is the most recent medical determination that A.J.W. was disabled. *See* 20 C.F.R. § 416.994a(a)(1).

equal the Listing of Impairments.[3]  *See* 20 C.F.R. § 416.925.

Finally, at the third step, the ALJ considered whether Plaintiff's current severe impairments, which the ALJ found were Anxiety, Not Otherwise Specified ("Anxiety, NOS"), and ADHD, met or medically equaled a Listed Impairment identified in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*See* R&R at 33.)  The ALJ concluded that they did not.  (*See id.*)  She further found that Plaintiff's current impairments did not functionally equal a Listed Impairment, based on the testimony of Plaintiff, Parent, and Dr. Butler.  (*See id.* at 33-34.)  Ultimately, because Plaintiff's impairments had not resulted in marked limitations in two domains of functioning, or extreme limitation in one domain, the ALJ concluded that Plaintiff had not become disabled since May 1, 2014. (*See id.* at 34.)

Following issuance of the ALJ's Hearing Decision, Plaintiff requested review by the Appeals Council, which was denied on June 10, 2016.  On August 5, 2016, Plaintiff filed the present action.  The parties subsequently cross-moved for summary judgment, and the Court referred the matter to the magistrate judge for a report and recommendation.  Judge Brisbois issued his R&R on July 5, 2017, recommending that the Court deny Plaintiff's motion and grant Defendant's motion, and Plaintiff subsequently timely filed objections, triggering this de novo review.

## III.   DISCUSSION

### A.   Standard of Review

---

[3] Plaintiff does not challenge the ALJ's conclusions as to either of the first two steps of the analysis. (*See* R&R at 33.)

The Commissioner's decision to deny benefits must be affirmed if it supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007) (citation omitted). The substantial evidence test, however, requires "more than a mere search of the record for evidence supporting the Commissioner's findings." *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quotation and citation omitted). Rather, in reviewing the administrative decision, the Court must "take into account whatever in the record fairly detracts from its weight." *Minor v. Astrue*, 574 F.3d 625, 627 (8th Cir. 2009) (citation omitted). However, the Court does not substitute its own views for those of the Commissioner, and if substantial evidence supports the Commissioner's judgment, the Court must affirm that decision, even if substantial evidence also supports another conclusion. *See Tellez v. Barnhart*, 403 F.3d 953, 956 (8th Cir. 2005).

**B.     Plaintiff's Objections**

In his objections, Plaintiff sets forth several generalized errors that he alleges render both the R&R and the ALJ's Hearing Decision substantively unsound. Specifically, Plaintiff contends that: (1) there is not substantial evidence in the record as a whole to support a finding that his learning disability was not a medically determinable impairment since May 1, 2014; (2) the ALJ's failure to include his learning disability as a medically determinable impairment and to include the resulting limitations in the functional equivalence analysis was not harmless error; (3) there is not substantial

evidence in the record as a whole to support a finding that Plaintiff has a less than marked limitation in the domain of "acquiring and using information;" and (4) there is not substantial evidence in the record as a whole to support a finding that Plaintiff has a less than marked limitation in the domain of "caring for yourself." (*See* Objections at 1-2.) Plaintiff does not, however, point to specific evidence in the record to support his arguments, instead directing the Court to his prior memoranda presented to the magistrate judge. (*See id.* at 2.)

Having carefully reviewed the record and the magistrate judge's legal conclusions, the Court rejects Plaintiff's assignments of error. As to the issue of Plaintiff's learning disability, the magistrate judge found that although Plaintiff was correct that evidence existed in the record sufficient to support a finding that Plaintiff's learning disability contributed to his behavioral and academic troubles, there was at least equal evidence in the record to support the ALJ's contrary conclusion. (*See* R&R at 37-40.) This Court agrees. The record demonstrates that the ALJ came to a carefully reasoned decision on the matter, and her decision was supported by substantial evidence. When the underlying determination is thus "within the available zone of choice," reversal is unwarranted. *See Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008) (internal quotation omitted).[4]

Likewise, the Court does not agree with Plaintiff that the ALJ's determination that he had a less than marked limitation in the domain of "acquiring and using information"

---

[4] In any event, the Court finds, as the magistrate judge did, that even if it was error for the ALJ to not specifically identify Plaintiff's learning disability as a severe impairment, that error was harmless because the ALJ properly considered the *effects* of that learning disability when determining whether Plaintiff's impairments functionally equaled a Listed Impairment. (*See* R&R at 40-41.)

was reversible error.  As the magistrate judge observed, substantial evidence supported the ALJ's judgment, including the evaluations of Dr. Owen Nelsen and Dr. Margaret Getman, the testimony of Dr. Butler, and Plaintiff's own testimony.  (*See* R&R at 42-43.)  Although it is true of this issue—as with the matter of Plaintiff's learning disability—that contrary evidence exists which might support a different conclusion, that evidence does not so significantly outweigh the evidence in support of the ALJ's position as to warrant reversal.  *See Bradley*, 528 F.3d at 1115.

Finally, Plaintiff also argues that the ALJ erred in finding that Plaintiff's impairments caused less than marked limitations in the "caring for yourself" domain.  He contends instead that the evidence in the record as a whole affirmatively shows marked limitations in this domain.  Once again, in light of the standard of review, the Court cannot agree.  Although Plaintiff cites to various items in the record that he suggests support a finding that he had marked limitations in this domain, such as his school disciplinary referrals and the March 25, 2014 Teacher Questionnaire, the *entire* record amply supports the ALJ's contrary determination.  In particular, the ALJ properly took into account Dr. Butler's testimony that Plaintiff was able to stay out of trouble, obey rules, avoid accidents, and ask for help when needed; special education teacher Laura Thuente's report that although Plaintiff had problems responding to mood changes and handling frustration, he had no problems caring for his physical needs or taking medications; and therapist Chong Chang's opinion that Plaintiff understood the purpose of his therapy and had the ability to recognize his needs.  Although once again contrary evidence existed that could have justified the ALJ in finding differently than she did, her

decision was sufficiently supportable such that it may not be disturbed here.

## IV. CONCLUSION

For the reasons set forth above, the Court agrees with the magistrate judge that the ALJ's decision that Plaintiff's disability ended as of May 1, 2014, and he has not become disabled again since that date, is legally sound and supported by substantial evidence. Accordingly, the Court adopts the R&R in its entirety, and Plaintiff's objections are overruled.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections to the Magistrate Judge's July 5, 2017 Report and Recommendation [Doc. No. 21] are **OVERRULED**;

2. The Court **ADOPTS** the Report and Recommendation [Doc. No. 19];

3. Plaintiff's Motion for Summary Judgment [Doc. No. 13] is **DENIED**; and

4. Defendant's Motion for Summary Judgment [Doc. NO. 15] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 28, 2017                          s/Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge